Van Brunt, P. J.
The grounds upon which the defendant claims a reversal of the judgment herein seem to be two in number.
First. That the plaintiffs have shown no sufficient title to the note in suit; and,
Second. Because the defendant was discharged by the proceedings in bankruptcy.
The answer made by the plaintiffs to the last objection is that the debt was taken out of the operation of the discharge because of a new promise to pay after petition filed.
The defendant replies that no sufficient new promise was ever made.
The defense of the discharge in bankruptcy required no reply upon the part of the plaintiff to enable it to show that the debt sued upon was not discharged. The defense was new matter not constituting a counter-claim, hence a reply was not necessary.
There seems to be no reason to doubt that if the debt in question is not taken out of the operation of the discharge by a new promise, the discharge was operative as to it.
_ The discharge operates upon all debts in existence at the time of filing the petition, whether due or to become due, but it is not operative as to debts created after the filing of the petition.
In the case of Allen & Co. v. Ferguson (18 Wall., 1), it is clearly assumed by the court that a promise made between petition and discharge takes a0 debt out of the *327 operation of the discharge in the same manner as when such promise is made afterward, but the promise must be clear, distinct and unequivocal.
Promises to pay when able do not seem to comply with this rule, but Mr. Foote states that at one interview “ Mr. Archer asked me what the date of the note was and the amount of it. I had a memorandum of it and gave it to him, the amount and dáte. He said: ‘That is all right; that note I will pay, but the estate of Paulmier has been after me for another note that I don’t owe and I shall not pay it.’”
Here was a distinct and unequivocal promise to pay the note in suit. It is true that Mr. Archer denied having made any such promise, but the trial judge undoubtedly believed that such promise was made, and we see no reason for disturbing his conclusion.
The evidence seemed also to clearly establish that the plaintiffs were the lawful owners and holders of the note in suit.
The note in question was given to Mr. Paulmier, who was president of the plaintiffs, for rents belonging to his wife’s estate, of which he was the agent.
Upon Mr. Pauknier’s death, this note was found in a tin box in which the securities of the plaintiff were kept. It further appeared that Mr. Paulmier had a private box in the office of the plaintiff, in which were supposed to be kept his private papers, and which box was delivered to Mr. Paulmier’s personal representative, after his death.
There would seem to arise a presumption from these facts that the title to the note in question had been transferred to the plaintiff, which must prevail, until some evidence is given tending to impeach the title of the holder.
Possession of commercial paper which is not restricted by endorsement is evidence of ownership.
It seems, therefore, that the judgment was right and should be affirmed, with costs.
Bartlett and Macomber, JJ., concur.